FILED

September 22, 2016

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:19 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| John Spencer,<br>        Employee, | ) Docket No.:  2016-08-0316 |
| v. | ) State File No.: 22995-2016 |
| Supply Chain Solutions, LLC,<br>        Employer, | ) Judge: Jim Umsted |
| Travelers Insurance Co.,<br>        Insurance Carrier. | ) |

---

## EXPEDITED HEARING ORDER GRANTING
## TEMPORARY DISABILITY BENEFITS

---

This case came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by the employee, John Spencer, under Tennessee Code Annotated section 50-6-239 (2015).  The present focus of this case is whether the employer, Supply Chain Solutions, LLC (SCS), must provide temporary disability benefits for Mr. Spencer's work-related right-hand injury.  The central legal issue is whether Mr. Spencer can demonstrate a likelihood of success at a trial on the merits on this issue.  For the reasons set forth below, the Court holds Mr. Spencer is likely to succeed at a hearing on the merits in proving entitlement to temporary disability benefits.[1]

### History of Claim

The following facts were established at the Expedited Hearing held on September 7, 2016.  Mr. Spencer is a fifty-seven-year-old resident of Shelby County, Tennessee.  (T.R. 1 at 1.)  He has worked as a woodcutter at SCS for approximately fifteen months.

On November 25, 2015, Mr. Spencer sustained a work-related injury to his right hand when it was caught in the machine he was operating.  According to Mr. Spencer, he hit the machine's emergency stop button but needed assistance pulling his hand out of the

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

machine. He testified his injury occurred around lunchtime, and he called to the only two employees left on the floor to help him. Once his hand was free, Mr. Spencer ran to the office to report his injury, but he could not find anyone in the human resources office or the reception area. Therefore, Mr. Spencer asked a co-worker to tell his supervisor, Dennis Sullivan, about the injury once Mr. Sullivan returned from lunch.[2] He called his brother to take him to get medical attention.[3]

While SCS does not dispute the compensability of Mr. Spencer's right-hand injury, it offered conflicting testimony about the events of November 25, 2015. Specifically, it offered the testimony of owner Robert Keskey, who advised that they always have someone in the front office. According to Mr. Keskey, he and at least three other employees were in the office on November 25, 2015, when Mr. Spencer left the building after his injury. (Ex. 4 at 2.) Human Resources Assistant Lee Ann Ballard also testified at the hearing that she rarely leaves the office for lunch.

In the days following his injury, Mr. Spencer did not request SCS to furnish medical treatment, but he continued to look for treatment on his own. Ultimately, he obtained unauthorized medical treatment from Christ Community Health Services (CCHS) on Wednesday, December 2, 2015. (Ex. 11 at 1.) CCHS instructed him to return in a week for follow-up. (Ex. 11 at 1.) CCHS also advised him to return to work on Monday, December 7, 2015. (Ex. 11 at 1.) Mr. Spencer did not return to CCHS for further treatment.

Mr. Spencer returned to work on December 7, 2015, and participated in a meeting with Human Resources Specialist LeAmecia Raiford and Ms. Ballard. (Ex. 5 at 1.) The parties offered differing versions of what happened at this meeting.

Ms. Ballard testified Mr. Spencer refused to see a company doctor and stormed out of the meeting when he was told he could not go back to work until a company doctor released him. Mr. Spencer denied that he refused to see a company doctor. Instead, he testified Ms. Raiford advised he would need to see a company doctor for his work injury and indicated she would send him a panel of physicians. According to Mr. Spencer, he stormed out of the meeting after Ms. Raiford terminated his employment. Ms. Ballard testified there was no mention of termination during the December 7, 2015 meeting. It was not until December 16, 2015, that SCS prepared a Separation Notice terminating Mr. Spencer's employment for job abandonment due to his decision to walk off the job on November 25, 2015.[4] (Ex. 8 at 1.)

---

[2] Mr. Spencer testified he called Mr. Sullivan each morning from November 30, 2015, to December 4, 2015, to update Mr. Sullivan on his condition.

[3] Mr. Spencer testified he tried to obtain treatment from three different clinics after his accident on November 25, 2015, but none of the clinics would treat him because he did not have insurance.

[4] While SCS argued that it based Mr. Spencer's termination on a number of factors, the separation notice only addresses the events of November 25, 2015.

After ultimately receiving a panel of physicians from SCS, Mr. Spencer selected Dr. Christian Fahey as his authorized treating physician. He presented to Dr. Fahey for the first time on April 29, 2016. Dr. Fahey diagnosed Mr. Spencer with a crush injury, partial traumatic transphalangeal amputation, and injury to the nail bed of the fingers on his right hand. Dr. Fahey placed him on light duty work status, restricting him from grasping with his right hand. On July 15, 2016, Dr. Fahey performed surgery on Mr. Spencer's right middle finger. He kept Mr. Spencer off work until July 22, 2016, when he released Mr. Spencer to full duty work. Mr. Spencer continues to treat with Dr. Fahey, and SCS continues to pay for this treatment.

The representatives of SCS testified they would have provided light duty work for Mr. Spencer but did not because of his termination for cause. SCS submitted a copy of Mr. Spencer's wage statement, and the parties agreed to the accuracy of the statement. Accordingly, Mr. Spencer's agreed average weekly wage is $310.53, which leads to a compensation rate of $207.12. (Ex. 6 at 1.)

## Findings of Fact and Conclusions of Law

### General Legal Principles

Mr. Spencer need not prove every element of his claim by a preponderance of the evidence in order to recover temporary disability benefits at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

This lesser evidentiary standard does not relieve Mr. Spencer of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether he met his burden, the Court will not construe the law remedially or liberally in his favor but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Spencer nor SCS. *See* Tenn. Code Ann. § 50-6-116 (2015).

### Temporary Disability Benefits

Mr. Spencer seeks ongoing temporary disability benefits from the date of his injury. To establish a case for temporary total disability (TTD) benefits, Mr. Spencer

must show (1) he was totally disabled and unable to work due to a compensable injury; (2) a causal connection exists between the injury and his inability to work; and (3) the duration of the period of his disability. *Gray v. Cullom Mach., Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004). Tennessee Code Annotated section 50-6-201(a)(1) (2015) provides an employee is not entitled to compensation or physician fees from the date of accident until the giving of notice to the employer, unless the employer had actual knowledge of the accident.

Mr. Spencer also may be entitled to temporary partial disability benefits, which is a category of vocational disability distinct from temporary total disability, if the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2015). Specifically, while temporary total disability refers to an employee's condition while completely disabled from work because of the injury, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Jewell v. Cobble Construction & Arcus Restoration*, No. 2014-05-0003, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *22 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2015) (quoting *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005)). An injured employee is not entitled to temporary partial disability benefits, however, if terminated for cause *and* the employer was reasonably capable of providing modified duty within the restrictions assigned. *See Jones v. Crencor Leasing & Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7-11 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015).

Mr. Spencer left the job on November 25, 2015, immediately following his injury, and did not return until December 7, 2015. The Court finds Mr. Spencer did not give proper notice of his injury to SCS until December 7, 2015, which is a lapse of twelve days. During this time there was nothing preventing him from calling Human Resources or the company's owner to report his job injury. The Court finds Mr. Spencer elected not to properly report his job injury until December 7, 2015. Accordingly, he is entitled to no benefits before that date. Moreover, Mr. Spencer presented no medical proof of disability between December 7, 2015, and April 29, 2016, when he began authorized medical treatment with Dr. Fahey. Therefore, he has not shown a likelihood of success at trial for temporary disability benefits during this period.

Once Mr. Spencer began authorized treatment, however, Dr. Fahey placed him on light duty work status from April 29, 2016, to July 14, 2016. During this period (eleven week and three days), SCS did not provide light duty work, due to its prior termination of Mr. Spencer's employment. The Court must make a determination whether SCS properly terminated Mr. Spencer for cause.

The Separation Notice submitted by SCS dated December 16, 2015, reports,

John Spencer was discharged for job abandonment. On 11/25/15, Spencer walked off the job at 11:33 am, his shift was scheduled to end at 2:30 pm. On that day, he did not inform or report any information to his manager or any other management personnel prior to walking off the job.

However, the testimony on behalf of SCS indicated it had not terminated Mr. Spencer as of December 7, 2015. Instead, on December 7, 2015, SCS advised Mr. Spencer he must obtain a release from a company doctor before he could return to work. This is inconsistent with a termination for "job abandonment" on November 25, 2015. It is not clear whether SCS actually terminated Mr. Spencer on December 7, 2015, but it did not issue the Separation Notice until December 16, 2015. SCS has given conflicting reports explaining why it terminated Mr. Spencer. The Court will not speculate which reason may be the actual reason for termination, but it will consider the written reason given by SCS in the Separation Notice.

The Court finds Mr. Spencer did not "abandon" his job on November 25, 2015. To the contrary, his unrefuted testimony is that he left work due to an injury. In addition, the Court will not speculate on other possible reasons for termination not included in the Separation Notice. Therefore, the Court finds insufficient evidence to hold the termination reasonable and holds that Mr. Spencer is entitled to temporary partial disability benefits during his treatment with Dr. Fahey from April 29, 2016, to July 14, 2016.

Furthermore, on July 15, 2016, Dr. Fahey performed surgery on Mr. Spencer's right middle finger and kept Mr. Spencer totally off work until July 22, 2016, when he released him to full duty work. During this period of time (one week), Mr. Spencer was totally disabled from working and is entitled to TTD benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. SCS or its workers' compensation carrier shall provide Mr. Spencer with past temporary partial disability benefits in the weekly amount of $207.12, from April 29, 2016, to July 14, 2016 (eleven weeks and three days), in the total amount of $2,367.09, paid in a lump sum. It shall also provide Mr. Spencer with past temporary total disability benefits in the weekly amount of $207.12, from July 15, 2016, to July 22, 2016 (one week), in the total amount of $207.12, paid in a lump sum.

2. This matter is set for a Status Conference on November 21, 2016, at 10:30 a.m. Central time.

**ENTERED this the 22nd day of September, 2016.**

_____

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

<u>Status Conference</u>:

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Status Conference.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Technical Record:[5]
1. Petition for Benefit Determination, filed on March 29, 2016;
2. Dispute Certification Notice, filed on May 18, 2016;
3. Request for Expedited Hearing, filed on July 1, 2016;
4. Pre-Trial Brief of SCS, filed July 6, 2016; and
5. Pre-Trial Brief of Mr. Spencer, filed July 12, 2016.

Exhibits:
1. Mr. Spencer's Affidavit;
2. Affidavit of Cindy Miller;
3. Affidavit of Reverend Thomas Nesbitt;
4. Affidavit of Robert Keskey;
5. Affidavit of Lee Ann Ballard;
6. Form C-41 Wage Statement;
7. Form C-42 Agreement between Employer/Employee Choice of Physician;
8. Separation Notice;
9. Mr. Spencer's Bachelors of Science degree from Tennessee State University;
10. Collective exhibit of medical records from Memphis Orthopedic Group;
11. Christ Community Health Services record dated December 2, 2015;
12. SCS's Employee Handbook;
13. Acknowledgment of Receipt of Employee Handbook and Safety Policy: Manufacturing Environment; and
14. Attendance Policy.

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 22nd day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| John Spencer, Employee | X | | | 1546 Dallas Street Memphis, TN 38114 |
| Paul T. Nicks, Employer's Attorney | | | X | pnicks@travelers.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**